UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23573-BLOOM/Reid
Case No. 14-cr-20701-BLOOM/Louis

NORMAN JOEL REYES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Norman Joel Reyes's ("Reyes") Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. ECF No. [1] ("Motion"). On August 21, 2019, the Motion was referred to the Honorable Lisette M. Reid for a Report and Recommendation on all dispositive matters. *See* ECF No. [2]. On November 13, 2019, Judge Reid issued a Report and Recommendation, recommending that the Motion be granted, and that Reyes be resentenced. ECF No. [12] ("Report"). The Report advised the parties that they had fourteen days from the receipt of the Report to file any written objections. *Id.* at 6. Nonetheless, because the United States of America (the "Government") has conceded that Reyes's sentence should be vacated and that he should be resentenced, the Court addresses the Report before the time to file objections has expired. *See* ECF No. [8].

In the Motion, Reyes argues that he was improperly sentenced as an Armed Career Criminal, under 18 U.S.C. § 924(e), because he did not have three prior convictions that qualified as violent felonies or serious drug offenses, ECF No. [1], and that two of Reyes's four felony convictions cited in the presentence investigation report are now unable to support the Armed

Case No. 19-cv-23573-BLOOM/Reid
Case No. 14-cr-20701-BLOOM/Louis

Career Criminal Act ("ACCA") enhancement, in light of the United States Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), ECF No. [8]. The Government conceded that, after *Johnson*, Reyes did not have at least three prior convictions that qualified as violent felonies or serious drug offenses, and thus requested that Reyes be resentenced without the application of the ACCA enhancement that no longer applies to Reyes's criminal case. ECF No. [11]. Thus, Judge Reid's Report, in considering the Government's concession and conducting an independent review of the Motion and the record, recommends that the Motion be granted, and that Reyes be resentenced. ECF No. [12].

The Court has conducted a *de novo* review of Judge Reid's Report and the record in this case, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Judge Reid's Report to be well reasoned and correct. The Court agrees with the analysis in the Report and concludes that the Motion must be **GRANTED,** and that Reyes must be **RESENTENCED** for the reasons set forth in Judge Reid's Report and Recommendation.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Reid's Report and Recommendation, **ECF No. [12]**, is **ADOPTED**.

2. Reyes's Motion to Vacate, Set Aside, or Correct Sentence, **ECF No. [1]**, is **GRANTED**.

3. Reyes's conviction is **VACATED** pursuant to 28 U.S.C. § 2255; however, Reyes shall remain in custody pending his resentencing. The Clerk of Court is directed to file a copy of this Order in the underlying criminal case.

4. Counsel of record for Reyes, Ronald Manto, is directed to advise the Court as to whether he will continue representing Reyes during his resentencing **by no later**

Case No. 19-cv-23573-BLOOM/Reid
Case No. 14-cr-20701-BLOOM/Louis

than **November 19, 2019**. If counsel indicates that he will not be representing Reyes in the resentencing proceedings, then the Court will appoint an attorney pursuant to the Criminal Justice Act.

5. **By December 20, 2019**, the United States Probation Office shall provide the Court and the parties with a revised presentence investigation report, in light of Judge Reid's Report and the Supreme Court's ruling in *Johnson*. The parties shall file their objections, if any, to the revised presentence investigation report, as well as their sentencing memoranda, **no later than January 3, 2020**.

6. Reyes's resentencing hearing is set for **January 24, 2020, at 10:30 a.m.**

7. All pending motions are **DENIED AS MOOT**.

8. The Clerk of Court is directed **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 13, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Norman Joel Reyes
06870-104
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521